IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROSCOE BENNY SHARPE, JR.,

                    Plaintiff

     VS.                           **NO. 5:09-CV-255 (HL)**

KEITH EUTSEY,

                                  **PROCEEDINGS UNDER 42 U.S.C. §1983**
               Defendant           **BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION TO DISMISS

Before the court is defendant Keith Eutsey's motion seeking dismissal. Tab #12. Therein, the defendant contends that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Roscoe Benny Sharpe, Jr. failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The undersigned ordered and directed the plaintiff to file a response to the motion. Tab #15. The plaintiff timely filed a response (Tab #16) to which the defendant replied (Tab #18). The motion is now ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

In his Complaint, plaintiff Sharpe states that, while incarcerated at the Georgia Diagnostic and Classification Prison (GDCP), he was housed in an area in which the floors were being stripped. He further alleges he was subjected to three (3) days of fumes and vapors from the floor stripping process and that, thereafter, he began to experience trouble breathing, an inability to sleep or eat, headaches, and nose bleeds. He claims that he saw an unnamed nurse but that she refused to examine or treat him. He also complained to defendant Eutsey who informed him that he would not be allowed to leave the Georgia Diagnostic and Classifications Prison if he continued to complain about his poor health. Thereafter, once he had been transferred to Walker State Prison, the plaintiff avers that he was seen by a doctor who prescribed medication for his illness and told him that he may have to take medication for a number of years. As a result, plaintiff Sharpe filed the instant action wherein he named the GDCP, "Administrative Staff," and Warden Hall as defendants.

With respect to the issue of exhaustion, plaintiff Sharpe asserts that he exhausted his administrative remedies using the prison grievance procedure. According to the plaintiff, however, his grievances received no response whatsoever from prison officials. In support of this assertion, he attached two partially completed informal grievance forms to his Complaint.

Following an initial review, the undersigned recommended dismissal of all the named defendants on the basis of Eleventh Amendment immunity and/or for plaintiff's failure to state a viable claim. Additionally, and in view of the fact that the plaintiff described potentially constitutionally violative conduct on the part of Keith Eutsey, the undersigned recommended that he be formally added as a defendant. This recommendation was accepted by the district court and, following service, defendant Eutsey filed the instant motion seeking dismissal wherein he alleges, *inter alia*, that plaintiff Sharpe failed to exhaust his administrative remedies prior to filing suit.

## **LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

**DISCUSSION**

As noted above, the defendant seeks dismissal of this action based upon the affirmative defense of failure to exhaust administrative remedies. In support of this request, and in addition to a brief, he has submitted the affidavit of Grievance Coordinator James Brown, a record of the plaintiff's grievance history, and applicable sections of the Georgia Department of Corrections Standard Operating Procedures. Relying upon these documents, defendant Eutsey avers that the plaintiff did not submit *any* grievances involving the incidents described in his Complaint.

In his Response, plaintiff Sharpe declares that, contrary to the defendant's contentions, he filed informal grievances on January 2, 2009 and January 12, 2009. In support, he refers to the informal grievance forms attached to his Complaint. Plaintiff then claims that when he presented these grievance forms to an unnamed counselor, the counselor returned the forms and stated that she would not be a part of allegations against GDCP. As a result, plaintiff Sharpe avers that he was left with no other remedy than to file this action.

In his Reply to the plaintiff's Response, defendant Eutsey reaffirmed his contention that the plaintiff filed no grievances involving the incidents at issue. This, according to the defendant, is clearly evinced by the fact that the grievance forms submitted and relied upon by the plaintiff still have blank receipts attached which, had the grievances been filed, would be completed and detached. In addition, and upon the affidavits of Augusta Idouze and George Simmons — the two counselors to which the plaintiff could have submitted the above grievances — the defendant avers that the plaintiff never even attempted to submit the grievances.

After a careful review of the record in this case, and in accordance with the legal standards set forth above, the undersigned finds that the plaintiff did not submit any informal grievances concerning the incidents described in his Complaint. By extension, therefore, it appears that he failed to exhaust his available administrative remedies *prior* to filing this action as the law requires.

## CONCLUSION

Accordingly, and for the reasons stated above, the defendant's motion seeking dismissal should be **GRANTED** and this action **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 28th day of APRIL, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE